1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GM NORTHRUP CORPORATION, a Minnesota corporation, | CASE NO. 3:22-cv-05243-RJB |
| Plaintiff, | ORDER ON MOTION TO TRANSFER OR, ALTERNATIVELY, DISMISS OR STAY |
| v. | |
| MASSACHUSETTS BAY INSURANCE COMPANY, a foreign insurance company, and HANOVER INSURANCE COMPANY, a foreign insurance company, | |
| Defendants. | |

This matter comes before the Court on the Motion to Transfer or, Alternatively, to Dismiss or Stay filed by Defendant Massachusetts Bay Insurance Company ("Mass Bay") (Dkt. 5), to which Defendant Hanover Insurance Company ("Hanover") joins (Dkt. 11). The Court has considered the pleadings filed in support of and in opposition to the pending motion and the remaining file. For the reasons set forth in this order, Defendants' motion should be denied.

## I.      BACKGROUND

This is an insurance coverage dispute brought by GM Northrup Corporation

("Northrup"), a construction company specializing in commercial interior construction, against its liability insurers, Mass Bay, Northrup's primary commercial general liability insurer, and Hanover, its excess insurer (collectively "Defendants").  Dkt. 13 at 2.  Northrup is a Minnesota corporation with its principal place of business in Minnesota.  Dkt. 5 at 1.  Mass Bay is a Massachusetts corporation with its principal place of business in Massachusetts.  *Id.* at 2.  Hanover is a New Hampshire corporation with its principal place of business in Massachusetts. Dkt. 13 at 2.

In January 2022, a Washington resident named Christian Beck sued Northrup in Pierce County Superior Court (the "Underlying Lawsuit").  In the Underlying Lawsuit, Mr. Beck alleges that Northrup is liable for bodily injuries he sustained at an auto parts store Northrup built in Belfair, Washington.  Dkt. 13 at 3.  On February 7, 2022, Northrup notified Defendants about the Underlying Lawsuit.  *Id.*  Defendants responded that there was "a question as to whether the referenced the [sic] Policies provide coverage relative to the subject matter."  *Id.*; Dkt. 14-1 at 7. They stated that they were "not yet in a position to agree to participate in the defense/indemnity of the referenced matter" and advised Northrup that they "intend[ed] to move forward with the investigation under a full and complete reservation of rights."  *Id.*  On March 10, 2022, Defendants Massachusetts Bay and Hanover informed Northrup that they would defend Northrup in the Underlying Lawsuit under a full reservation of rights.  Dkt. 14-3 at 2.

On March 16, 2022, Northrup sued Mass Bay in Pierce County Superior Court for the State of Washington seeking a declaratory judgment on Mass Bay and Northrup's respective duties, rights, and obligations under the Policy.  Dkt. 1-2.  Two hours later, also on March 16, 2022, Defendants filed a lawsuit in United States District Court for the District of Minnesota ("Minnesota Lawsuit") seeking a declaratory judgment on Mass Bay and Hanover's duty to

1  defend and/or indemnify Northrup in the Underlying Lawsuit.  Dkt. 5; *Mass. Bay Ins. Co. v.*

2  *G.M. Northrup Corp.*, Case No. 0:22-cv-00699-KMM-TNL (D. Minn. 2022).  On March 25,

3  2022, Northrup amended its complaint to add Hanover as a defendant in the Pierce County

4  lawsuit.  Dkt. 11-1.  On April 11, 2022, Defendants removed the Pierce County lawsuit to this

5  Court based on diversity jurisdiction under 28 U.S.C. § 1332(a).  In short, there are currently two

6  lawsuits involving nearly identical issues in separate federal district courts.

7  ## II.    DISCUSSION

8  In the pending motion, Defendants move to transfer this action pursuant to 28 U.S.C.

9  § 1404(a).  Northrup opposes transfer based both on the factors considered under § 1404(a)

10  analysis and the "first-to-file rule."  The Court finds that transfer is not appropriate because

11  Northrup filed the pending lawsuit first and Defendants do not demonstrate a compelling reason

12  that Minnesota is a more suitable venue than the Western District of Washington.

13  The decision to transfer a case to a different district court is discretionary.  *Jones v. GNC*

14  *Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  Under 28 U.S.C. § 1404(a), a district court

15  may transfer any civil action to any other district or division where it might have been brought

16  "for the convenience of parties and witnesses, in the interest of justice[.]"  Courts generally

17  consider eight factors when deciding whether to transfer:

18  (1) The location where the relevant agreements were negotiated and executed, (2)
the state that is most familiar with the governing law, (3) the plaintiff's choice of

19  forum, (4) the respective parties' contacts with the forum, (5) the contacts relating
to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs

20  of litigation in the two forums, (7) the availability of compulsory process to compel
attendance of unwilling non-party witnesses, and (8) the ease of access to sources

21  of proof."

22  *Jones*, 211 F.3d 495, 498 (9th Cir. 2000).

23  The first-to-file rule "is a generally recognized doctrine of federal comity which permits a

24

district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (1982). In other words, "the first-to-file rule guides the district court's exercise of discretion" under § 1404(a) when "handling related cases." *See In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018).

### A. First-to-File Rule Applies

As a threshold argument, Defendants argue that the first-to-file rule is inapplicable in this case because it was filed only hours before the Minnesota Lawsuit and Hanover was not added as a defendant until after Defendants filed the Minnesota Lawsuit. Dkt. 16. The Court disagrees.

The first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. As such, it "does not require exact identity of the parties." *Kohn Law Group, Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2017). Instead, courts should consider whether the parties and issues are substantially similar as part of the greater objective "to maximize 'economy, consistency, and comity.'" *See id.*

Defendants argue that the first-to-file rule does not apply to cases filed only two hours apart. Dkt. 16 at 2. This argument assumes that the first-to-file rule is rigid. It is not. Instead, it is used to help courts economically allocate resources and provide sound judicial administration. Both this case and the Minnesota Lawsuit involve substantially similar issues and parties. Despite Hanover being added to this lawsuit after Defendants filed the Minnesota Lawsuit, the parties are now identical and the issues were and remain substantially similar. Both Mass Bay and Hanover issued Northrup insurance policies relevant to the Underlying Lawsuit, and the central dispute in both cases will be whether those policies exclude coverage for the Underlying

1    Lawsuit.  Therefore, the first-to-file rule applies.  This rule, however, generally guides the court

2    with the second-filed lawsuit, and it is not the only basis on which this Court, with the first-filed

3    lawsuit, finds that transfer is not warranted.  *See Pacesetter*, 678 F.2pd at 95–96.  Though not

4    critical here, first-to-file considerations are relevant to the § 1404(a) analysis discussed below.

5        **B.  Eight § 1404(a) Transfer Factors**

6        None of eight factors courts generally considered in a § 1404(a) analysis is dispositive.

7    *See Jones*, 211 F.3d at 498–99.  Instead, these factors are tools to help a district court assess

8    whether another venue would be more convenient and fair.  *Id.*  The burden to make that

9    showing rests on the party moving for transfer.  *Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 774

10   (N.D. Cal. 2015) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th

11   Cir. 1979)); *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998).  For

12   the following reasons, Defendants do not meet their burden.

13        1.  <u>The Location Where the Relevant Agreements Were Negotiated and Executed</u>

14        The parties dispute where the policies were negotiated and executed.  Dkts. 5 at 4; 13 at

15   9.  Northrup, the party opposing transfer, is the only party based in Minnesota, and all parties

16   conduct business around the country.  Nothing on the record suggests that this lawsuit has

17   particularly strong ties to Minnesota based on where the parties entered into their agreements.

18   Therefore, this factor is neutral.

19        2.  <u>The State That Is Most Familiar with the Governing Law</u>

20        Defendants concede that this factor is either neutral or only slightly favors transfer.  Dkt.

21   5 at 5.  Even if Minnesota law applies, the record does not indicate conflict between Washington

22   and Minnesota law or any particularity of Minnesota law that would make this Court less able to

23   manage this contract dispute.  Therefore, this factor also is neutral.

24

1

2

3.   <u>The Plaintiff's Choice of Forum</u>

3

This is the only factor that weighs clearly in one direction, and it favors remaining in

Washington.  Courts give deference to Plaintiff's choice of forum.  *See Decker Coal Co. v.*

4

*Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  As discussed in the first-to-file

5

analysis, Northrup filed the first lawsuit in Washington, even if only by two hours.  Furthermore,

6

Washington is the logical forum because the facts and issues giving rise to the Underlying

7

Lawsuit occurred in Washington.  In the event of a trial to determine the issues here, the

8

evidence would consist of evidence of what is claimed and, perhaps, proven in the Underlying

9

Lawsuit, and how that evidence fits into, or fails to fit into, the Defendants' insurance policies.

10

Experience tells the court that such evidence will be much more telling and extensive than who

11

signed the contracts or the legal meaning of those contracts.

12

This factor strongly favors rejection of Defendants' motion.

13

4.   <u>The Respective Parties' Contacts with the Forum</u>

14

All parties are licensed to do business in Washington State.  Northrup is incorporated in

15

Minnesota but is also the party opposing transfer, so Northrup's contacts do not weigh in favor

16

of transfer.  Defendants to not have strong ties to Minnesota.  What brings these parties' together

17

occurred in Washington State.  *See* Factor 3, above.  Therefore, this factor favors rejection of

18

Defendants' motion.

19

5.   <u>The Contacts Relating to Plaintiff's Cause of Action in the Chosen Forum</u>

20

Nothing on the record suggests that Minnesota is a more convenient, economic, or fair

21

location based on the issues raised in this insurance coverage dispute.  Location in Washington

22

State, however, brings the parties together.  *See* Factor 3, above.  Therefore, this factor also

23

favors rejection of Defendants' motion.

24

6.  The Differences in the Costs of Litigation in the Two Forums

Defendants argue that this factor favors transfer because Northrup's witnesses are located in Minnesota and they would have to pay travel expenses to testify in Washington.  Dkt. 5 at 6. This is both speculative and unavailing because Northrup is the party opposing transfer.  This factor is also neutral.

7.  The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses

The parties agree that this factor is neutral.  Dkts. 5 at 6–7; 13 at 14.  Nevertheless, *see* Factor 3, above.

8.  The Ease of Access to Sources of Proof

The parties agree that this factor is neutral.  Dkts. 5 at 7; 13 at 14–15.

9.  Conclusion

Defendants do not demonstrate that Minnesota is a more appropriate venue to litigate this dispute.  Therefore, Defendants' motion to transfer pursuant to 28 U.S.C. § 1404(a) should be denied.

**C.  Motion to Dismiss or Stay**

Defendants move in the alternative for the Court to dismiss or stay this action because of the risk of duplicative litigation and inconsistent outcomes with the Minnesota Lawsuit.  Dkt. 5 at 7.  A motion to dismiss, stay, or transfer the Minnesota Lawsuit is currently pending before the Minnesota court.  Dkt. 15-6.  No showing of duplicative litigation or inconsistent outcomes appear on this record, and such matters may be resolved by future orders.  Therefore, this motion should be denied without prejudice.

**III.    ORDER**

It is hereby ORDERED that:

- Defendants' Motion to Transfer Under 28 U.S.C § 1404(a), or, Alternatively, to Dismiss or Stay **IS DENIED** as stated above.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of May, 2022.

ROBERT J. BRYAN
United States District Judge

ORDER ON MOTION TO TRANSFER OR, ALTERNATIVELY, DISMISS OR STAY - 8