UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GM NORTHRUP CORPORATION, a Minnesota corporation,<br><br>                    Plaintiff,<br>    v.<br><br>MASSACHUSETTS BAY INSURANCE COMPANY, a foreign insurance company; HANOVER INSURANCE COMPANY,<br><br>                    Defendants;<br>  and<br><br>MASSECHUSETTS BAY INSURANCE COMPANY, a foreign insurance company; HANOVER INSURANCE COMPANY,<br><br>                  Counter Claimants,<br><br>    v.<br><br>GM NORTHRUP CORPORATION, a Minnesota corporation,<br><br>                  Counter Defendant. | CASE NO. 3:22-cv-05243-RJB<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

1         This consolidated matter comes before the Court on Massachusetts Bay Insurance
2  Company and Hanover Insurance Company's ("insurance companies") Motion for Leave to file
3  First Amended Complaint for Declaratory Judgment and First Amended Counterclaim for
4  Declaratory Judgment.  Dkt. 27.  The Court has considered the pleadings filed regarding the
5  motion and the file herein.
6         On December 6, 2022, the insurance companies filed the instant motion, seeking to
7  amend their pleadings to resolve a difference in the actual insurance policy language and the
8  language quoted in their pleadings.  Dkt. 27.  They contend that the insurance policy language
9  states:

> j. Pollution
>
> (1) "Bodily injury", "property damage", "personal injury" or "advertising injury" [sic] part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time…

The language in their pleadings, with the difference in bold, provide:

> j. Pollution
>
> (1) "Bodily injury", "property damage", "personal injury" or "advertising injury" **which would not have occurred in whole or in** part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time….

*See e.g.*, Dkt. 1-3.

       Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

The motion (Dkt. 27) should be granted. There is no "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Id.* No objection to the motion was filed. The insurance companies should be directed to file a clean copy of their proposed First Amended Complaint for Declaratory Judgment and First Amended Counterclaim for Declaratory Judgment by **January 4, 2023**.

**IT IS SO ORDERED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of December, 2022.

ROBERT J. BRYAN
United States District Judge